

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ESTER BULLOCK,<br>      Plaintiff,<br><br>vs.<br><br>BARBARA M. BARRETT,* *Secretary,*<br>*Department of the Air Force*,<br>      Defendant. | §<br>§<br>§<br>§  CIVIL ACTION NO. 3:19-2863-MGL-PJG<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff Ester Bullock filed this lawsuit against her former employer, Defendant Barbara M. Barrett (Barrett), Secretary of the Air Force, alleging several Title VII retaliation claims, 42 U.S.C. § 2000e et seq. The Court has federal question jurisdiction over this action in accordance with 28 U.S.C. § 1331.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting Barrett's partial motion to dismiss be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

---

*Barbara M. Barrett became Secretary of the Air Force on October 18, 2019. Therefore, in accordance with Fed. R. Civ. P. 25(d), she is substituted for the original defendant, Matthew Donovan.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 25, 2020, Bullock filed objections on April 13, 2020, and Barrett filed a reply on April 17, 2020. The Court has reviewed Bullock's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Bullock was a federal employee when the retaliation she alleges in her complaint occurred. Barrett's partial motion to dismiss concerns just one of the purported acts of retaliation: constructive discharge from employment. In suggesting the Court ought to grant Barrett's motion, the Magistrate Judge concludes Bullock failed to exhaust her administrative remedies as to her discharge claim.

As a federal employee, Bullock's exhaustion process is quite a bit different from others. Although a federal employee must, like all the rest, exhaust her administrative remedies, 29 C.F.R. § 1614.407(a)–(d), a federal employee complainant (complainant) must first initiate contact with an Equal Employment Opportunity (EEO) Counselor (Counselor) at her federal agency within forty-five days of the date of the alleged discriminatory act; or, in the case of a personnel action, within forty-five days of the effective date of the action. *Id.* § 1614.105(a).

Counselors are authorized to adopt an array of different dispute resolution techniques, but agencies must offer at least one technique or program which allows for the meaningful participation of all involved parties in the dispute. EEOC Mgmt. Directive, MD-110 3-1 § III.E. Mediation, facilitation, and settlement conferences are common appropriate dispute resolution techniques. *Id*.

If the Counselor fails to resolve the matter, the Counselor must notify the complainant in writing that she has the right to file a discrimination complaint with the agency's EEO office within fifteen days of receipt of such notice. *Id.* § 1614.105(d). If the complainant is unhappy with the agency's subsequent decision, she may appeal the decision to the Equal Employment Opportunity Commission (EEOC). *Id.* § 1614.401(a).

Alternatively, she may file a civil action within ninety days of the agency's final action regarding her complaint, or within one hundred eighty days if the agency takes no action. *Id.* § 1614.407(a)–(b). Finally, if the complainant is unsatisfied with the EEOC's decision on appeal, she may file a civil action within ninety days of receipt of the EEOC's final decision, or within one hundred eighty days if the EEOC makes no decision on appeal. *Id.* § 1614.407(c)–(d).

*****

In Bullock's first objection, she contends "matters outside of the pleadings have been raised by [Barrett] and should be disregarded and not considered by the Court." Bullock's Objections at 4 n.1. The EEOC documents to which she refers are exhibits to Barrett's motion to dismiss regarding Bullock's exhaustion of her administrative remedies. Inexplicably, Barrett neglects to address this issue in her reply.

"When the complaint relies upon a document, whose authenticity is not challenged, such a document merges into the pleadings and the [C]ourt may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). In Bullock's complaint, she necessarily relies on the EEOC documents referenced above for the premise she has "exhausted her administrative remedies through the Department's EEO process and the filing of her claim with the [EEOC]." Complaint ¶ 4.

Further, she fails to challenge the authenticity of the records. It is, therefore, appropriate for the Court to consider these reports in determining the merits of Barrett's motion to dismiss. As such,

3

the Court will overrule this objection.

Second, Bullock argues the Magistrate Judge erroneously relied on "the EEOC determination that [Bullock] needed to file a separate complaint for her discharge as dispositive evidence that [her] retaliatory discharge claim is not reasonably related to her EEOC complaint." Bullocks's Objections at 8. According to Bullock, the Magistrate Judge's reliance is misplaced inasmuch as "EEOC personnel are not the ultimate arbiter of what is and is not reasonably related in the context of a civil suit." Bullock's Objections at 8.

The EEOC determination Bullock references is found in the EEOC's decision on Bullock's appeal:

> [W]e note that Complainant, for the first time on appeal, argued that she was forced to retire as a result of intimidation and that her retirement constituted constructive discharge. The investigative report, however, reflects that the matters which were accepted for investigation were confined exclusively to the claims discussed [in the decision]. . . [I]t is not appropriate for a Complainant to raise new claims for the first time on appeal. Should she wish to pursue these claims, Complainant is advised to contact an Agency EEO Counselor.

EEOC's Decision on Bullock's Appeal at 5 (citations omitted).

According to the Fourth Circuit, when a complainant wishes to include an additional claim to her EEOC complaint, as Bullock did here, "[t]he [EEOC] must . . . review this request to determine if the [new] claims are like or related, and whether a fair and impartial investigation of the new claims can be accomplished within" the requisite time period. *Stewart v. Iancu*, 912 F.3d 693, 707 (4th Cir. 2019) (citation omitted) (internal quotation marks omitted). "If not, then the individual must start a new administrative process with respect to the new claim." *Id*.

Thus, the Fourth Circuit has specifically recognized the EEOC has the authority to decide whether a new claim, such as Bullock's constructive discharge claim, is like or related to the original

claims in her original EEOC complaint. *Id*. Here, the EEOC obviously concluded her discharge claim was distinct from her other claims. *See* EEOC's Decision on Bullock's Appeal at 5 (noting Bullock brought her constructive discharge claim for the first time on appeal, admonishing her that "it is not appropriate for a Complainant to raise new claims for the first time on appeal[,]" and advising her to contact her EEO Counselor if she wished to pursue her discharge claim).

Bullock's argument the Court would somehow reach a different conclusion than the EEOC did on the like-or-related question is unavailing. Accordingly, the Court will overrule this objection, too.

Third, and related to the second objection, Bullock insists the Magistrate Judge erred in concluding she failed to exhaust her administrative remedies as to her constructive discharge claim.

As a general rule, "[i]n any . . . lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge." *Balas v. Huntington Ingalls Industries, Inc*., 711 F.3d 401, 407 (4th Cir. 2013). "At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. [Although] it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Sydnor v. Fairfax Cty., Va*., 681 F.3d 591, 594 (4th Cir. 2012).

Accordingly, the Fourth Circuit has made an exception to the general rule and held "plaintiffs may bring Title VII claims for the first time before a district court, so long as [(1)] they are like or reasonably related to charges in the original administrative complaint, and [(2)] if they reasonably could have developed from the agency's investigation of the original complaint." *Stewart*, 912 F.3d at 706.

As to the reasonably-related prong, the Court has already noted the EEOC concluded Bullock's constructive discharge claim is not like or related to the other retaliation claims. And,

5

Bullock has failed to convince the Court the EEOC somehow erred.  Thus, Bullock is unable to satisfy the first prong.  She fairs no better on meeting the requirements of the second one: the investigation prong.

As the Court already observed, the EEOC determined that "[t]he investigative report . . . reflects that the matters which were accepted for investigation were confined exclusively to the claims discussed [in the decision]."  EEOC's Decision on Bullock's Appeal at 5.  From this statement, it is clear an investigation of Bullock's discharge claim did not "develop[ ] from the agency's investigation of the original complaint."  *Stewart*, 912 F.3d at 706.  Thus, she fails to satisfy this requirement as well.

In addition, inasmuch as Bullock failed to follow the directive of the EEOC to contact an EEO Counselor if she wished to pursue her discharge claim, the Court is unable to agree with her statement now that she exhausted her administrative remedies.

For these reasons, the Court concludes Bullock neglected to exhaust her administrative remedies with respect to her constructive discharge claim.  Consequently, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Barrett's objections, adopts the Report, and incorporates it herein.  Accordingly, it is the judgment of this Court Barrett's partial motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 8th day of July, 2020, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE